

90-11-3-11831

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Enforcement Section*  *Telephone (202) 514-2277*
*P.O. Box 7611*  *Facsimile (202) 616-6584*
*Washington, DC 20044*

November 21, 2019

**VIA ECF**

Honorable Renée Marie Bumb
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, N.J. 08101

    Re:    United States v. Cassidy Painting Inc., et al.,
              Civil Action No. 1:19-cv-18472-RMB-AMD

Dear Judge Bumb:

      By this letter application the United States, on behalf of the Environmental Protection Agency ("EPA"), respectfully requests that the Court sign and enter the proposed Consent Decree, lodged with the Court on September 27, 2019, in the above-referenced action (ECF No. 2-1). All parties consent to the entry of the decree.

## INTRODUCTION

      The United States filed a complaint and lodged the proposed consent decree in this action on September 27, 2019. In the Complaint, the United States seeks recovery under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for costs incurred by EPA in conducting a removal action at the Superior Barrel and Drum Site in Gloucester County, New Jersey. The defendants named in the complaint are the companies listed as Settling Defendants in the proposed Consent Decree. Under the proposed Consent Decree, the Settling Defendants will reimburse a portion of the removal action costs incurred by EPA.

      In accordance with Paragraph 32 of the proposed Consent Decree, the United States published a notice of the proposed Consent Decree in the Federal Register on October 4, 2019. 84 Fed. Reg. 53179-80. That notice informed the public that comments concerning the settlement could be filed with the Department of Justice within thirty days of the date of the notice. The comment period has ended, and the United States received no comments regarding

the settlement.  The Defendants have already consented to entry of the Consent Decree without further notice.  Consent Decree ¶ 32.

Because this settlement is fair, reasonable, and consistent with CERCLA's goals, we respectfully request that the Court approve the settlement by signing the Consent Decree on page 12 and entering it as a final judgment.

## BACKGROUND

The Superior Barrel and Drum Site ("Site") consists of about 5.5 acres of property located at 798-830 Jacob Harris Lane, Elk Township, Gloucester County, New Jersey.  Between approximately 1974 and 2012, the Superior Barrel and Drum Company and its principal, Thomas Toy, operated a drum reconditioning and disposal business at the Site.  The property was and is owned by Thomas Toy and Melva Toy.  The business began as a sole proprietorship in 1974, and the company was incorporated as Superior Barrel and Drum Co., Inc. ("Superior Barrel") in 1979.

In August 2013, Gloucester County personnel, New Jersey Department of Environmental Protection ("NJDEP") personnel, and EPA personnel inspected the Site.  Thousands of containers were observed at the Site, in various states of deterioration.  Field testing of samples indicated that materials found at the Site were corrosive, flammable, and/or contained volatile organic compounds ("VOCs").  At the request of the NJDEP, EPA conducted a removal assessment and removal action at the Site.  The removal assessment identified numerous CERCLA hazardous substances, including benzene, toluene, trichloroethylene, tetrachloroethylene, ethylbenzene, xylene, polychlorinated biphenyls, lead, acetone, styrene, cyclohexane, cobalt, manganese, zinc, arsenic, copper, cadmium, nickel, antimony, butanol, naphthalene, phenol, methyl ethyl ketone, phthalates, and acetic acid.

In 2013-2014, EPA conducted a physical removal action, including securing the Site, sampling various media, removal of containers of hazardous substances, decontamination of tanks, clean-up of chemical storage and process areas, and off-site disposal of material removed from the Site.  As documented through May 31, 2019, EPA has incurred more than $6.7 million in direct and indirect costs for its work relating to the Site, including the costs of assessment, physical removal action, and efforts to obtain cost recovery.

The United States began its efforts to recover EPA's costs for the Site by suing the owners and operators of the Site under CERCLA Section 107(a)(1) and (2), 42 U.S.C. § 9607(a)(1), (2).  *See* Complaint in *United States v. Thomas Toy, et al.*, Civ. A. No. 1:17-cv-7320-JHR-AMD, ECF Docket No. 1.  An Order of Entry of Final Judgment by Default Against Defendants Thomas Toy, Melva Toy, and Superior Barrel and Drum Co., Inc., in that civil action was entered on April 20, 2018, in the amount of $6,370,093, the amount of EPA direct and indirect costs relating to the Site that had been documented as of April 20, 2017.  Civ. A. No. 1:17-cv-7320-JHR-AMD, ECF Docket No. 9.  The judgment held the three defendants jointly and severally liable.  Superior Barrel is now defunct, and the United States has recovered only

approximately $4,500 to date from Thomas Toy and Melva Toy, leaving it with well over six million dollars in unrecovered costs.[1]

In addition to owners and operators of hazardous wastes sites, under CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3), any person who arranged for disposal or treatment of hazardous substances owned or possessed by such person at a facility owned or operated by another person containing such hazardous substances is also liable to the United States for EPA's costs of removal or remedial action.  During Superior Barrel's years of operation, various companies arranged with Superior Barrel for used drums and/or other containers that they owned or possessed which contained CERCLA hazardous substances, mostly residues, to be taken to the Site for treatment or disposal.  Each of the companies named in the Complaint and the proposed Consent Decree in this civil action is a company that the United States alleges arranged with Superior Barrel for such drums and/or other containers to be taken to the Site or is a successor in interest to such a company.  These companies were identified through limited records that were found by EPA at the Site, as well as responses by the companies to EPA information requests.  Some other arranger companies that were identified through the limited records are now defunct.  Due to the limited nature of the records found at the Site, it is likely that there were other companies over the course of Superior Barrel's more than thirty years of operation that EPA was not able to identify that also sent used drums and/or other containers to the Site for treatment or disposal.

In 2017-2019, the United States conducted negotiations for cost recovery with the group of Settling Defendants named in the Complaint.  Under the proposed Consent Decree in this action, *United States v. Cassidy Painting Inc., et al.*, D.N.J. No. 1:19-cv-18472-RMD-AMD, the group of Settling Defendants will pay $3.4 million, plus interest, to EPA, towards reimbursement of EPA's direct and indirect response costs relating to the Site.  The United States is simultaneously seeking this Court's approval of a separate settlement, in a separate civil action, *United States v. Mahogany Company of Mays Landing, Inc.*, D.N.J. No. 1:19-cv-18481-RMD-AMD, with one other identified company that is alleged to have arranged for treatment or disposal of used drums and/or other containers containing hazardous substances, mostly residues, that were taken to the Site. That settlement is with Mahogany Company of Mays Landing, Inc. ("Mahogany"), which is not part of the group, and that settlement is based on ability-to-pay considerations.  In that settlement, Mahogany will pay $375,000, plus interest, in five annual installments, to EPA.  If the two settlements are approved by the Court, EPA will obtain a total of $3,775,000, plus interest, toward reimbursement of its approximately $6.7 million in direct and indirect removal action costs relating to the Site, or approximately 56%, from arranger

---

[1] On August 1, 2019, Thomas Toy entered a guilty plea to criminal charges against him under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq.*, for knowingly storing hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A), at the Site.  *United States v. Thomas Toy*, D.N.J., Crim. No. 18-034 (RMB), ECF Docket No. 22. Thomas Toy is scheduled for sentencing on January 13, 2020.  *Id.*, ECF Docket Runner dated 11/18/2019.  The plea agreement provides at page 3 that Thomas Toy shall "complete a financial statement form acceptable to the United States prior to sentencing to be reviewed by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of New Jersey." *Id.*, ECF Docket No. 24.

companies. To the extent feasible, the United States will continue to seek recovery of its remaining unreimbursed costs relating to the Site from Thomas Toy and Melva Toy.

## THE CONSENT DECREE

The proposed Consent Decree in this action, *United States v. Cassidy Painting Inc., et al.*, requires the group of Settling Defendants named in the Complaint to pay $3.4 million, plus interest from July 1, 2019 through the date of payment, to EPA for deposit in the EPA Hazardous Superfund, for Past Response Costs incurred by EPA through July 1, 2019 relating to the Site. Consent Decree ¶ 4.

The group of Settling Defendants comprises the following companies: Cassidy Painting Inc., Cleveland Steel Container Corporation, Coating Development Group, Inc., Congoleum Corporation, Durand Glass Manufacturing Company, LLC, Expert Management Inc., Atlantic Associates International Incorporated, d/b/a Hibrett Puratex, Incineration Recycling Services, Inc., Johnson Matthey Inc., LCRES Holdings, Inc., LCR Embedded Systems, Inc., LCR Electronics, Inc., Martin Corp., National Casein of New Jersey, National Chemical Laboratories of Pa., Inc., Occidental Chemical Corporation, Ocean Yachts, Inc., Polymeric Systems Inc., PRC-DeSoto International, Inc., Puritan Products, Inc., Recycle Inc. East, R.H. Sheppard Co., Inc., Richland Glass Co., Inc., Rohm and Haas Company, The Sherwin-Williams Company, Stem Brothers, Inc., Straight Arrow Products, Inc., Thermoseal Industries LLC, Trex Properties LLC, United Asphalt Co., VP Racing Fuels, Inc., and The Worthington Steel Company.

Subject to the reservations in Paragraph 15 of the Consent Decree, including liability for failure to make the required payment, the United States covenants not to sue the Settling Defendants for Past Response Costs. Consent Decree ¶ 14. As a result of the settlement, the Settling Defendants also receive contribution protection for Past Response Costs. Consent Decree ¶¶ 20, 21.

## DISCUSSION

A court should enter a CERCLA consent decree if the decree "is fair, reasonable, and consistent with CERCLA's goals." *United States v. Se. Penn. Trans. Auth.*, 235 F.3d 817, 823 (3d Cir. 2000) (citing *United States v. Cannons Eng'g. Corp.*, 899 F.2d 79, 85 (1st Cir. 1990)). Because this Consent Decree meets this governing standard and no comments have been submitted that undermine this conclusion, the Court should enter the Consent Decree.

A court's "[r]eview of [a] proposed consent decree is 'highly deferential.'" *United States v. Nat'l R.R. Passenger Corp.*, No. Civ. A. 86-1094, 1999 WL 199659 (E.D. Pa. Apr. 6, 1999) (citing *United States v. Atlas Mineral & Chem. Inc.*, 851 F. Supp. 639, 648 (E.D. Pa. 1994)). This deference is founded upon the expertise of the government agencies that negotiate such decrees and the general public policy favoring settlements. *See In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003); *United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1085 (1st Cir. 1994); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 118 (2d Cir. 1992) ("Appellate courts ordinarily defer to the agency's expertise and the voluntary agreement of the parties in proposing the settlement."); *Cannons Eng'g Corp.*, 899 F.2d at 84. A court's task "is

to determine whether the settlement represents a reasonable compromise, all the while bearing in mind the law's generally favorable disposition toward the voluntary settlement of litigation and CERCLA's specific preference for such resolution." *United States v. Kramer*, 19 F. Supp. 2d 273, 281 (D.N.J. 1998) (quoting *United States v. Rohm & Haas Co.*, 721 F. Supp. 666, 680-81 (D.N.J. 1989)). "The policy favoring settlement, articulated in CERCLA, is especially strong where a consent decree has been negotiated by the Department of Justice on behalf of the EPA." *Kramer*, 19 F. Supp. 2d at 281 (citing *United States v. Cannons Eng'g.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989), *aff'd*, 899 F.2d 79 (1st Cir. 1990)); *see also United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991). The settlement of CERCLA cases is, thus, highly favored because it effectuates basic policy goals of CERCLA.

Fairness of a CERCLA settlement involves both procedural fairness and substantive fairness. *Cannons Eng'g.*, 720 F. Supp. at 1039. Courts evaluate procedural fairness by considering the openness and candor of the bargaining process. *Cannons Eng'g.*, 899 F.2d at 86-88. In *Rohm & Haas*, the court found that, "where a settlement is the product of informed, arms-length bargaining by the EPA, an agency with the technical expertise and the statutory mandate to enforce the nation's environmental protection laws, in conjunction with the Department of Justice . . . a presumption of validity attaches to that agreement." 721 F. Supp. at 681 (citing *City of New York v. Exxon Corp.*, 697 F. Supp. 677, 692 (S.D.N.Y. 1988)). Here, the proposed settlement is the result of a procedurally fair, arms-length bargaining process and the settlement is entitled to the presumption of validity. The United States began cost recovery negotiations with this group of defendants in 2017 and these negotiations were conducted, with considerable back and forth, over a two year period. Throughout the settlement process, the parties maintained adverse interests and were represented by sophisticated counsel. The group includes companies with substantial familiarity and experience with CERCLA, and the group hired a consultant to assist it in its internal evaluation. All negotiations were conducted at arms-length and in good faith. Thus, the Consent Decree is procedurally fair.

Courts analyze substantive fairness and reasonableness based upon such factors as the equity of the settlement, litigation risks including uncertainties related to limited information, and avoidance of transaction costs of litigation. *Cannons Eng'g.*, 899 F.2d at 86-90*; Kramer*, 19 F. Supp. 2d at 285-88; *see also Charles George Trucking,* 34 F.3d at 1089; *United States v. DiBiase*, 45 F.3d 541, 544-46 (1st Cir. 1995). In determining whether the settlement is equitable, one consideration is whether there is an "orphan share' attributable to defunct entities from which recovery would be sought if they were not defunct. *Kramer*, 19 F. Supp. 2d at 287-88. The appropriateness of settlement is based on the totality of the circumstances. *Cannons Eng'g*, 899 F.2d at 90. The Consent Decree requires this group of Settling Defendants, all arranger defendants, to pay approximately fifty percent of EPA's direct and indirect costs relating to the Site. In reaching this settlement amount with this group of arranger defendants, the United States considered the totality of the circumstances, including (a) a substantial "orphan share" exists attributable to defunct companies, including the operator company Superior Barrel and some arranger companies, (b) litigation risks exist due to limited information and other uncertainties described in the background section above, (c) settlement would reduce all parties' transaction costs and result in earlier payment to the Hazardous Substance Superfund, and (d) one of the arranger companies that sent a large number of used drums and/or other containers

containing hazardous substances, mostly residues, to the Site is not part of this group, *i.e.*, Mahogany.  Thus, the Consent Decree is substantively fair and reasonable.

This settlement meets a primary objective of CERCLA because it provides that responsible parties will reimburse EPA for a reasonable portion of the costs it incurred in cleaning up the Site and thereby help to replenish the Hazardous Substance Superfund.  And, the Consent Decree serves CERCLA's goal of reducing, where possible, litigation and transaction costs associated with response actions.  *See Cannons Eng'g.*, 899 F.2d at 90; *Rohm & Haas*, 721 F. Supp. at 696.  This Consent Decree also advances the general public policy in favor of settlement to reduce costs to litigants and burdens on the courts.  *See*, *e.g.*, *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982).  Thus, the Consent Decree is consistent with CERCLA's goals and is in the public interest.

## CONCLUSION

The proposed Consent Decree is fair, reasonable, and consistent with CERCLA's goals.  As such, the United States respectfully requests that the Court sign and enter the Consent Decree that was lodged with the Court on September 27, 2019 in this action, *United States v. Cassidy Painting, Inc., et al.*, D.N.J. No. 1:19-cv-18472-RMD-AMD.  ECF No. 2-1.  The signature line for the Court is on page 12 of the proposed Consent Decree.

Respectfully submitted,

s/ Elizabeth Yu
Elizabeth Yu
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice


cc:   All counsel or other representatives of the Settling Defendants listed on the attached list
      (via U.S.P.S. mail)
      Gerard Burke, Esq., Assistant Regional Counsel, EPA (via email)
      Allan B. K. Urgent, Esq., Assistant United States Attorney (via email)

List of Counsel or Other Representatives of the Settling Defendants

Cassidy Painting Inc.

Michael J. Cassidy, President
Cassidy Painting Inc.
20 Germay Drive
Wilmington, DE 19804-1105

Cleveland Steel Container Corporation

William Parish
Director of Regulatory Affairs
Cleveland Steel Container Corporation
412 Mason Street
Niles, Ohio 44446

HL Statutory Agent, LLC
Agent for service of Cleveland Steel Container Corporation
200 Public Square, Suite 2800
Cleveland, OH 44114

Coating Development Group, Inc.

Michael D. Fiorentino
Attorney for Coating Development Group, Inc.
42 E. 2nd Street
Media, PA 19063

Congoleum Corporation

Jonathan B. Fisher
Chief Financial Officer
Congoleum Corporation
3500 Quakerbridge Road
Mercerville, NJ 08619

Durand Glass Manufacturing Company, LLC

Ross A. Lewin
Counsel for Durand Glass Manufacturing Company, LLC
Drinker Biddle & Reath LLP
105 College Road East, Suite 300
Princeton, New Jersey 08542

Expert Management Inc.

Brett Whittleton
President, Director Legacy Assets and Environmental Affairs
Expert Management Inc.
525 West Van Buren Street
Chicago, IL 60607

Atlantic Associates International Incorporated, d/b/a Hibrett Puratex

Steven L. Humphreys
Counsel for Atlantic Associates International, Inc. d/b/a Hibrett Puratex
Kelley Drye & Warren
One Jefferson Road, 2nd Fl.
Parsippany, NJ 07054

Incineration Recycling Services, Inc.

Christina Stummer
Counsel for Incineration Recycling Services Inc.
Saul Ewing Arnstein & Lehr LLP
650 College Road East, Suite 4000
Princeton, NJ 08540

Johnson Matthey Inc.

Steven L. Bray
General Counsel, North America
Johnson Matthey Inc.
435 Devon Park Drive, Suite 600
Wayne, PA 19087-1998

LCRES Holdings, Inc.

Barbara T. Ilsen
Attorney for LCRES Holdings, Inc.
Dilworth Paxson, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102

LCR Embedded Systems, Inc.

Barbara T. Ilsen
Attorney for LCR Embedded Systems, Inc.
Dilworth Paxson, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102

LCR Electronics, Inc.

Lindsey A. Remakel
Attorney for LCR Electronics, Inc.
Fredrikson & Byron
200 South 6th Street, Suite 4000
Minneapolis, MN 55402

Martin Corp.

Francis Ballak
Attorney for Martin Corp.
GMS Law
660 New Road
Northfield, NJ 08225

National Casein of New Jersey

Hope T. Cook
Vice President
National Casein of New Jersey
601 W. 80th Street
Chicago, IL 60620

National Chemical Laboratories of PA, Inc.

Philip L. Hinerman
Attorney for National Chemical Laboratories of PA, Inc.
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103

Harry Pollack
CEO
National Chemical Laboratories of PA, Inc.
401 N. 10th Street
Philadelphia, PA 19123

Occidental Chemical Corporation

Larry Silver
Attorney for Occidental Chemical Corporation
Langsam Stevens Silver Hollaender
1818 Market Street, Suite 2430
Philadelphia, PA 19103

Frank A. Parigi
Vice President and General Counsel
Glenn Springs Holdings, Inc. (re Oxy)
14555 Dallas Parkway, Suite 400
Dallas, TX 75245

Ocean Yachts Inc.

Lloyd Eisen
Attorney for Ocean Yachts Inc.
Fox Rothschild LLP
1301 Atlantic Avenue, Midtown Building, Suite 400
Atlantic City, NJ 08401-7212

Polymeric Systems Inc.

Alana Fortna
Attorney for Polymeric Systems Inc. (PSI)
Babst Calland
603 Stanwix Street, 6th Fl.
Pittsburgh, PA 15222

PRC-DeSoto International, Inc.

Peter T. Stinson
Attorney for PRC-DeSoto International, Inc.
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222

Steven F. Faeth
Corporate Counsel, EHS
PRC-Desoto International, Inc.
One PPG Place
Pittsburgh, PA 15272

Puritan Products, Inc.

Stacey Broad
SVP, Assistant General Counsel
Puritan Products, Inc.
Tower 6, Suite 800
600 W. Hamilton Street
Allentown, PA 18101

Recycle Inc. East

Patrick Sheller
EVP, General Counsel
Recycle Inc. East
1515 W. 22nd Street, Suite 1100
Oak Brook IL 60523

R.H. Sheppard Co., Inc.

Robert E. Scott Jr.
Attorney for R.H. Sheppard Co., Inc.,
Wilson Elser Moskowitz Edelman & Dicker, LLP
500 E. Pratt St., 16th Fl.
Baltimore, MD 21202

Jon Morrison
President
R.H. Sheppard Co., Inc.
1220 Pacific Drive
Auburn Hills, MI 48326

Richland Glass Co., Inc.

Debra S. Rosen
Attorney for Richland Glass Co., Inc.
Archer Law
One Centennial Square
Haddonfield, NJ 08033

Rohm and Haas Company

Kathleen B. Campbell
Attorney for Rohm and Haas Company
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA 19004

CT Corporation
Registered Agent for Rohm and Haas Company
1209 Orange Street
Wilmington, DE 19801

The Sherwin-Williams Company

Stephen J. Perisutti
Assistant Secretary
The Sherwin-Williams Company
101 West Prospect Avenue
Cleveland, Ohio 44115

Stem Brothers, Inc.

Cristina Stummer
Attorney for Stem Brothers, Inc.
Saul Ewing Arnstein & Lehr, LLP
650 College Road East, Suite 4000
Princeton, NJ 08940

Straight Arrow Products, Inc.

Steven L. Humphreys
Attorney for Straight Arrow Products, Inc.
Kelley Drye & Warren
One Jefferson Road, 2nd Fl.
Parsippany, NJ 07054

Thermoseal Industries LLC

Mitchell E. Burack
Attorney for Thermoseal Industries LLC
333 E. City Ave., Suite 300
Bala Cynwyd, PA 19004

Richard A. Chubb
CEO, Retired
Thermoseal Industries LLC
1800 JFK Boulevard, Suite 300 PMB 90316
Philadelphia, PA 19103

Trex Properties LLC

Eric Lemp
General Counsel
Trex Properties LLC
1515 Des Peres Rd,. Suite 300
St. Louis, MO 63131

<u>United Asphalt Co.</u>

Mark Umosella
CEO
United Asphalt Co.
237 N. Grove St.
P.O. Box 291
Cedar Brook, NJ 08018

<u>VP Racing Fuels, Inc.</u>

William Sanders
Attorney for VP Racing Fuels, Inc.
McGivney Kluger & Cook, P.C.
18 Columbia Turnpike, Suite 300
Florham Park, New Jersey 07932

<u>The Worthington Steel Company</u>

Dale T. Brinkman
Vice President
The Worthington Steel Company
200 Old Wilson Bridge Rd.
Columbus, Ohio 43085