UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASSIDY PAINTING INC., CLEVELAND STEEL CONTAINER CORPORATION, COATING DEVELOPMENT GROUP, INC., CONGOLEUM CORPORATION, DURAND GLASS MANUFACTURING COMPANY, LLC, EXPERT MANAGEMENT INC., ATLANTIC ASSOCIATES INTERNATIONAL INCORPORATED, d/b/a HIBRETT PURATEX, INCINERATION RECYCLING SERVICES, INC., JOHNSON MATTHEY INC., LCRES HOLDINGS, INC., LCR EMBEDDED SYSTEMS, INC., LCR ELECTRONICS, INC., MARTIN CORP., NATIONAL CASEIN OF NEW JERSEY, NATIONAL CHEMICAL LABORATORIES OF PA., INC., OCCIDENTAL CHEMICAL CORPORATION, OCEAN YACHTS, INC., POLYMERIC SYSTEMS INC., PRC-DESOTO INTERNATIONAL, INC., PURITAN PRODUCTS, INC., RECYCLE INC. EAST, R.H. SHEPPARD CO., INC., RICHLAND GLASS CO., INC., ROHM AND HAAS COMPANY, THE SHERWIN-WILLIAMS COMPANY, STEM BROTHERS, INC., STRAIGHT ARROW PRODUCTS, INC., THERMOSEAL INDUSTRIES LLC, TREX PROPERTIES LLC, UNITED ASPHALT CO., VP RACING FUELS, INC., and THE WORTHINGTON STEEL COMPANY,<br><br>Defendants. | Civil Action No. 1:19-cv-18472 |

**CONSENT DECREE**

TABLE OF CONTENTS


I. BACKGROUND .......... 1
II. JURISDICTION .......... 1
III. PARTIES BOUND .......... 1
IV. DEFINITIONS .......... 1
V. PAYMENT OF RESPONSE COSTS .......... 3
VI. FAILURE TO COMPLY WITH CONSENT DECREE .......... 4
VII. COVENANTS BY PLAINTIFF .......... 5
VIII. RESERVATIONS OF RIGHTS BY UNITED STATES .......... 6
IX. COVENANTS BY SETTLING DEFENDANTS .......... 6
X. EFFECT OF SETTLEMENT/CONTRIBUTION .......... 7
XI. RETENTION OF RECORDS .......... 8
XII. NOTICES AND SUBMISSIONS .......... 10
XIII. RETENTION OF JURISDICTION .......... 11
XIV. INTEGRATION .......... 11
XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .......... 11
XVI. SIGNATORIES/SERVICE .......... 11
XVII. FINAL JUDGMENT .......... 12

## I. BACKGROUND

A. The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Superior Barrel and Drum Site ("Site") located in Elk Township, Gloucester County, New Jersey.

B. The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through July 1, 2019, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean the following entities:

Cassidy Painting Inc.
Cleveland Steel Container Corporation
Coating Development Group, Inc.
Congoleum Corporation
Durand Glass Manufacturing Company, LLC
Expert Management Inc., as indemnitor for Devoe Marine Coatings Co.
Atlantic Associates International Incorporated, d/b/a Hibrett Puratex
Incineration Recycling Services, Inc.
Johnson Matthey Inc.
LCRES Holdings, Inc., LCR Embedded Systems, Inc., and LCR Electronics, Inc.
Martin Corp.
National Casein of New Jersey
National Chemical Laboratories of Pa., Inc.
Occidental Chemical Corporation
Ocean Yachts, Inc.
Polymeric Systems Inc.
PRC-DeSoto International, Inc.
Puritan Products, Inc.
Recycle Inc. East
R.H. Sheppard Co., Inc.
Richland Glass Co., Inc.
Rohm and Haas Company, on behalf of its former subsidiary Rohm and Haas Electronic Materials CMP Inc.
The Sherwin-Williams Company, as successor to Engineered Polymer Solutions, Inc. and Lilly Industries, Inc.
Stem Brothers, Inc.
Straight Arrow Products, Inc.
Thermoseal Industries LLC
Trex Properties LLC, as indemnitor for Detrex Corporation
United Asphalt Co.
VP Racing Fuels, Inc.
The Worthington Steel Company

"Site" shall mean the Superior Barrel and Drum Site, encompassing approximately 5.5 acres, located at 798-830 Jacob Harris Lane, in Elk Township, Gloucester County, New Jersey, and is designated Block 30, Lot 4 on the official tax map of Elk Township.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. PAYMENT OF RESPONSE COSTS

4. **Payment by Settling Defendants for Past Response Costs.** Within 45 days after the Effective Date, Settling Defendants shall pay to EPA $3,400,000, plus an additional sum for Interest on that amount calculated from July 1, 2019 through the date of payment.

5. Settling Defendants shall make payment by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the District of New Jersey after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

Kathleen Campbell, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA 19004
(484) 430-2316
kcampbell@mankogold.com

on behalf of Settling Defendants. Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XII (Notices and Submissions).

6. **Deposit of Payment.** The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

7. **Notice of Payment.** At the time of payment, Settling Defendants shall send notice that payment has been made: (a) to EPA in accordance with Section XII (Notices and Submissions); (b) to DOJ by email or by mail in accordance with Section XII (Notices and Submissions); and (c) to the EPA Cincinnati Finance Center by email or by regular mail at:

**Email:** cinwd_acctsreceivable@epa.gov

**Regular mail:** EPA Cincinnati Finance Center
26 W. Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number A23K, and DJ Number 90-11-3-11831.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8. **Interest on Late Payments.** If Settling Defendants fail to make any payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. **Stipulated Penalty**

a. If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $2,500 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read
"D 68010727 Environmental Protection Agency"

c. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 7 (Notice of Payment).

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

12. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII. COVENANTS BY PLAINTIFF

14. **Covenants for Settling Defendants by United States.** Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon

the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants extend only to Settling Defendants and do not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendants by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANTS BY SETTLING DEFENDANTS

16. **Covenants by Settling Defendants.** Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of New Jersey, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c. any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

18. **Waiver of Claims by Settling Defendants**

a. Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have:

(1) **De Micromis Waiver**. For all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials;

(2) ***De Minimis*/Ability to Pay Waiver**. For Past Response Costs against any person that has entered or in the future enters into a final CERCLA § 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.

b. Exceptions to Waivers

(1) The waivers under this Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person otherwise covered by such waivers if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

(2) The waiver under Paragraph 18.a(1) (De Micromis Waiver) shall not apply to any claim or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing hazardous substances contributed to the Site by such person contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; or (ii) such person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e)(3)(B) of CERCLA, 42 U.S.C. § 9604(e) or 9622(e)(3)(B), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site; or if (iii) such person has been convicted of a criminal violation for the conduct to which the waiver would apply and that conviction has not been vitiated on appeal or otherwise.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION

19. Except as provided in Paragraph 18 (Waiver of Claims by Settling Defendants), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as

provided in Section IX (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

21. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

22. Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

24. Until 10 years after the Effective Date, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic

form) (hereinafter referred to as "Records") now in its possession or control or that come into its possession or control, that relate in any manner to its potential liability under CERCLA with respect to the Site, provided, however, that Settling Defendants who are potentially liable as owners or operators of the Site must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

25. At the conclusion of the record retention period, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, and except as provided in Paragraph 26 (Privileged and Protected Claims), Settling Defendants shall deliver any such records to EPA.

26. **Privileged and Protected Claims**

a. Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 26.b, and except as provided in Paragraph 26.c.

b. If a Settling Defendant asserts a claim of privilege or protection, the Settling Defendant shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, the Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

c. Settling Defendants may make no claim of privilege or protection regarding:

(1) any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2) the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

27. **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to Plaintiff under this Section (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality

accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

28. Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XII. NOTICES AND SUBMISSIONS

29. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

| | |
|---|---|
| **As to DOJ by email:** | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-11-3-11831 |
| **As to DOJ by mail:** | EES Case Management Unit<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-11-3-11831 |
| **As to EPA:** | Kathryn DeLuca<br>Assistant Regional Counsel<br>Office of Regional Counsel<br>United States Environmental Protection Agency, Region 2<br>290 Broadway, 17th Floor<br>New York, NY 10007-1866<br>deluca.kathryn@epa.gov |
| **As to Settling Defendants:** | The Authorized Agents listed on Settling Defendants' signature pages for this Consent Decree |

## XIII. RETENTION OF JURISDICTION

30. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION

31. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

33. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. SIGNATORIES/SERVICE

34. Each undersigned representative of a Settling Defendant and the Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division, U.S. Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35. Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

36. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer or responsive pleading to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

37. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 22nd DAY OF November 2019.

United States District Judge

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR THE UNITED STATES OF AMERICA:**

09-26-2019
Dated

Thomas A. Mariani, Jr.
Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Elizabeth Yu
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Craig Carpenito
United States Attorney
District of New Jersey

Allan B. K. Urgent
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

Pat Evangelista
Acting Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency
Region 2
290 Broadway, 19th Floor
New York, NY 10007

Kathryn DeLuca
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway, 17th Floor
New York, NY 10007

Gerard Burke
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway, 17th Floor
New York, NY 10007

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Cassidy Painting Inc.:
(Print name of Settling Defendant)

August 12, 2019
Dated

Name (print): Michael J. Cassidy
Title: President
Address: 20 Germay Drive
Wilmngton DE 19804-1105

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: __________
Title: __________
Address: __________
Phone: __________
email: __________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Cleveland Steel Container Corporation:
(Print name of Settling Defendant)

August 12, 2019
Dated

Name (print): William Parish
Title: Director of Regulatory Affairs
Address: 30310 Emerald Valley Pkwy; Suite 400
Glenwillow, OH 44139

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: HL Statutory Agent, LLC
Title:
Address: 200 Public Square; Suite 2800; Cleveland, OH 44114
Phone: (216)621-0150
email:

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR COATING DEVELOPMENT GROUP, INC.:
(Print name of Settling Defendant)

7/29/19
Dated

[signature]

Name (print): MICHAEL D. FIORENTINO
Title: ATTORNEY
Address: 42 E. 2nd STREET
MEDIA, PA 19063

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: MICHAEL D FIORENTINO
Title: ATTORNEY
Address: 42 E. 2nd St. Media, PA 19063
Phone: 610-566-2166
email: mdfiorentino@gmail.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Congoleum Corporation:
(Print name of Settling Defendant)

8/6/19
Dated

Name (print): Jonathan R. Fisher
Title: CFO
Address: 3500 Quakerbridge Rd
Mercerville, NJ 08619

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: __________
Title: __________
Address: __________
Phone: __________
email: __________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR **Durand Glass Manufacturing Company, LLC** :
(Print name of Settling Defendant)

July 23, 2019
**Dated**

**Name** (print): Mark G. Maser, Esq.
**Title:** Counsel for Durand Glass Manufacturing Company LLC
**Address:** Drinker Biddle & Reath LLP
105 College Road East, Suite 300
Princeton, New Jersey 08542

Agent Authorized to Accept Service on Behalf of Above-signed Party:

**Name:** Ross A. Lewin, Esq.
**Title:** Counsel for Durand Glass Manufacturing Company LLC
**Address:** Drinker Biddle & Reath LLP
105 College Road East, Suite 300
Princeton, New Jersey 08542
**Phone:** 609-716-6500
**email:** Ross.Lewin@dbr.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Expert Management Inc.:
(Print name of Settling Defendant)

7/26/2019
Dated

Name (print): Brett Whittleton
Title: President, Director Legacy Assets and Env. Affairs
Address: 525 West Van Buren Street
Chicago, IL 60607

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:
Title: President, Dir. Legacy Assets & Environmental Affairs
Address: 525 West Van Buren Street Chicago, IL 60607
Phone:
email:

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Atlantic Associates International, Inc. d/b/a Hibrett-Puratex
(Print name of Settling Defendant)

8-11-19
Dated

Name (print): John Madden
Title: President
Address: Hibrett Puratex
7001 Westfield Avenue
Pennsauken, NJ 08110

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Steven L. Humphreys
Title: Esquire
Address: Kelley Drye & Warren, One Jefferson Road
Phone: 973-503-5936
email: shumphreys@kelleydrye.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Incineration Recycling Services Inc. :
(Print name of Settling Defendant)

7/24/19
Dated

Name (print): Ron Fogel
Title: President
Address: 267 Jefferson St.
Camden, NJ. 08104

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Christina Stummer, Esq.
Title: Attorney
Address: 650 College Rd. Suite 4000 Princeton, NJ 08540
Phone: 609-452-5023
email: Christina.Stummer@Jacl.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Johnson Matthey Inc. :
(Print name of Settling Defendant)

7-22-2019
Dated

[signature]
Name (print): Steven L. Bray
Title: General Counsel, North America
Address: 435 Devon Park Drive,
Suite 600
Wayne, PA 19087-1998

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Steven L. Bray
Title: General Counsel, North America
Address: 435 Devon Park Dr., Ste. 600, Wayne, PA 19087
Phone: 610-971-3060
email: steven.bray@jmusa.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR LCRES Holdings, Inc.:
(Print name of Settling Defendant)

07/22/19
Dated

Name (print): Nissen Isakov
Title: President
Address: 9 S. Forrest Ave. #100, Jeffersonville, PA 19403

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Barbara T. Ilsen, Esq.
Title: Attorney for LCRES Holdings, Inc.
Address: Dilworth Paxson, LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102
Phone: 215-575-7189
email: bilsen@dilworthlaw.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR LCR Embedded Systems, Inc.:
(Print name of Settling Defendant)

07/22/19
Dated

Name (print): Nissen Isakov
Title: Chief Executive Officer
Address: 9 S. Forrest Ave. #100, Jeffersonville, PA 19403

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Barbara T. Ilsen, Esq.
Title: Attorney for LCR Embedded Systems, Inc.
Address: Dilworth Paxson, LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102
Phone: 215-575-7189
email: bilsen@dilworthlaw.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR LCR ELECTRONICS, INC.**

Dated:

Name (print): David Wall
Title: Chief Financial Officer
Address: 36 Newburgh Road
Hackettstown, NJ 07840

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Lindsey A. Remakel, Esq.
Title: Attorney
Address: 200 South 6th Street, Ste. 4000
Minneapolis, MN 55402
Phone: 612.492.7454
Email: lremakel@fredlaw.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Martin Corp:
(Print name of Settling Defendant)

8-13-19
Dated

Name (print): Will Martin
Title: President
Address: 171 N. Pearl St.
Bridgeton NJ 08302

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Francis Ballak, Esq.
Title: Attorney
Address: 660 New Road Northfield NJ 08225
Phone: (609) 646-0222
email:

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** NATIONAL CASEIN of NEW JERSEY
(Print name of Settling Defendant)

8/2/2019
Dated

Name (print): HOPE T. COOK
Title: VICE PRESIDENT
Address: 601 W. 80th ST., CHICAGO, IL 60620

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: HOPE T. COOK
Title: VICE PRESIDENT
Address: 601 W. 80th ST CHICAGO IL 60620
Phone: 773-846-7300
email: HTC@NATIONALCASEIN.COM

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR National Chemical Laboratories of PA, Inc.:
(Print name of Settling Defendant)

8/6/19
Dated

(for NCL)

Name (print): Philip L. Hinerman, Esquire
Title: ("Attorney")
Address: Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Philip L. Hinerman
Title: Attorney
Address: 2000 Market Street, Phila PA 19103
Phone: 215-299-2066
email: phinerman@foxrothschild.com

Name: Harry Pollack
Title: CEO of National Chemical Laboratories
Address: 401 N. 10th Street, Philadelphia, PA 19123
Phone: 215-922-1200
email: hpollack@NCLonline.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

Occidental Chemical Corporation

FOR [signature]:
(Print name of Settling Defendant)

July 31, 2019
Dated

Name (print): Mike Anderson
Title: Vice President, OXY USA Inc.
Address: 5 Greenway Plaza, Suite 110
Houston TX 77046

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Larry Silver
Title: Partner, Langsam Stevens Silver Hollaender
Address: 1818 Market Street, Suite 2430 Philadelphia, LLP PA 19103
Phone: 215-239-9023
email: lsilver@lssh-law.com

cc: Frank A. Parigi
Vice President and General Counsel
Glenn Springs Holdings, Inc.
14555 Dallas Parkway, Suite 400
Dallas, TX 75245
972-687-7503
Frank_Parigi@oxy.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

John E. LEEK III
**FOR** OCEAN YACHTS INC. :
(Print name of Settling Defendant)

7/24/19
Dated

[signature]
Name (print): JOHN E. LEEK III
Title: Pres
Address: PO. Box 312 Egg Harbor City N.J. 08215

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Lloyd Eisen
Title: Partner
Address: Fox Rothschild LLP
Phone: 1301 Atlantic Ave
email: [redacted]

Midtown Building, Suite 1400
Atlantic City NJ
08401-7212
Tel: 609 348 4515
Fax 609 348 6834
Email leisen@
foxrothschild.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Michael Coates:
(Print name of Settling Defendant)

6/25/19
Dated

Michael Coates
Name (print):
Title: Managing Director
Address:
PSI
47 Park Ave
Elverson PA 19520

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | Alana Fortna |
| Title: | Attorney |
| Address: | 603 Stanwix St., 6th Fl, Pgh. PA 15222 |
| Phone: | 412-773-8702 |
| email: | afortna@babstcalland.com |

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR PRC-Desoto International, Inc. :
(Print name of Settling Defendant)

August 6, 2019
Dated

Name (print): S. Kumar Nandan
Title: Vice President Tax
Address: One PPG Place
Pittsburgh, PA 15272

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Steven F. Faeth, Esq
Title: Corporate Counsel, EHS
Address: One PPG Place, Pittsburgh, PA 1527
Phone: 412-434-3799
email: sfaeth@ppg.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Puritan Products, Inc. :
(Print name of Settling Defendant)

7.26.19
Dated

Stacy Broad
Name (print) Stacy Broad
Title: SVP, Assistant General Counsel
Address: Tower 6, Suite 800
600 W. Hamilton St.
Allentown, PA 18101

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Stacy Broad
Title: SVP, Assistant General Counsel
Address: Tower 6, Suite 800, 600 W. Hamilton St. Allentown, PA 18101
Phone: (610) 573-2885
email: stacy.broad@avantorsciences.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Recycle Inc East **:**
(Print name of Settling Defendant)

July 25, 2019
Dated

Name (print): Alan Johansen
Title: Vice President, Finance
Address: 2600 Maitland Center Parkway
Suite 200
Maitland, FL 32751

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Patrick Sheller
Title: EVP, General Counsel
Address: 1515 W. 22nd St. Suite 1100, Oak Brook, IL 60523
Phone: 630-203-8052
email: Patrick.Sheller@mauserpackaging.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR R.H. Sheppard Co., Inc. :
(Print name of Settling Defendant)

7/24/19
Dated

Name (print): Jon Morrison
Title: President
Address: 1220 Pacific Drive
Auburn Hills, MI 48326

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: CT Corporation System
Title: Registered Agent
Address: 600 North 2nd Street, Suite 401
~~Phone:~~ Harrisburg, PA 17101
~~email:~~

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Richland Glass Co., Inc.:
(Print name of Settling Defendant)

7/25/19
Dated

Name (print): John Carson
Title: President
Address: 1640 SW Blvd., Vineland, NJ 08360

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Debra S. Rosen, Esquire
Title: Attorney for Richland Glass Co., Inc.
Address: One Centennial Square, Haddonfield, NJ 08033
Phone: (856)354-3084
email: drosen@archerlaw.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Rohm and Haas Company, on behalf of its former subsidiary, Rohm and Haas Electronic Materials CMP Inc.:
(Print name of Settling Defendant)

7/22/2019
Dated

Name (print): Ryan Weiss
Title: Authorized Representative
Address: 2211 H.H. Dow Way
Midland, MI 48674

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: CT Corporation
Title: Registered Agent
Address: 1209 Orange Street, Wilmington, DE 19801
Phone: 1-800-677-3394
email:

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR The Sherwin-Williams Company, as successor to Engineered Polymer Solutions, Inc. and Lilly Industries, Inc.:
(Print name of Settling Defendant)

August 2, 2019
Dated

Name (print): Stephen J. Perisutti
Title: Assistant Secretary
Address: 101 West Prospect Avenue
Cleveland, OH 44115

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: ____________________
Title: ____________________
Address: ____________________
Phone: ____________________
email: ____________________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR **STEM BROTHERS, INC.** :
(Print name of Settling Defendant)

July 23, 2019
Dated

Name (print): John David Stem, II
Title: Vice President
Address: P.O. Box 619
760 Frenchtown Road
Milford, NJ 08848

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Cristina Stummer, Esq.
Title: Attorney at Saul Ewing Arnstein & Lehr, LLP
Address: 650 College Road East, Suite 4000, Princeton, NJ 08940
Phone: (609) 452-5023
email: cristina.stummer@saul.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR Straight Arrow Products, Inc.:
(Print name of Settling Defendant)

8/8/2019
Dated

Name (print): Devon Katzev
Title: President
Address: Straight Arrow Products, Inc.
2020 Highland Avenue
Bethlehem, PA 18020

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Steven L. Humphreys
Title: Esquire
Address: Kelley Drye & Warren, One Jefferson Road
Phone: 973-503-5936
email: shumphreys@kelleydrye.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR THERMOSEAL INDUSTRIES, LLC:
(Print name of Settling Defendant)

7/29/2019
Dated

[signature]

Name (print): RICHARD A. CHUBB
Title: CEO, RETIRED
Address: 1800 JFK BOULEVARD
SUITE 300 PMB 90316
PHILADELPHIA, PA 19103

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: __________
Title: __________
Address: __________
Phone: __________
email: __________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

**FOR** Trex Properties LLC, as indemnitor for Detrex Corporation

______________________
Dated

Name (print): Thomas E. Roberts
Title: Member
Address: 1515 Des Peres Road, Suite 300
St. Louis, MO 63131

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Eric Lemp
Title: General Counsel
Address: 1515 Des Peres Rd, Suite 300
St. Louis, MO 63131
Phone: (314) 835-1515
email: elemp@cdcco.com

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR United Asphalt Co
(Print name of Settling Defendant)

7-25-19
Dated

Mark Umosella
Name (print):
Title: CEO
Address: 237 N Grove Street
PO Box 291
Cedar Brook NJ 08018

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: __________
Title: __________
Address: __________
Phone: __________
email: __________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR VP Racing Fuels, Inc.
(Print name of Settling Defendant)

_______________ Dated

Name (print): Alan B. Cermick
Title: President
Address: 204 E. Rhapsody
San Antonio TX 78216

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: ____________________
Title: ____________________
Address: ____________________
Phone: ____________________
email: ____________________

Signature Page for Consent Decree Regarding Superior Barrel and Drum Site

FOR THE WORTHINGTON STEEL COMPANY
(Print name of Settling Defendant)

8/7/19
Dated

[signature]
Name (print): DALE T BRENKMAN
Title: VICE PRESIDENT
Address: 200 OLD WILSON BRIDGE RD
COLUMBUS, OHIO 43085

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: SEE ABOVE
Title:
Address:
Phone: 614-438-3001
email: DBRENKMAN@WORTHINGTONINDUSTRIES.COM